IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE ~~ROANOKE~~ DIVISION

| | |
|---|---|
| BRANDI R. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:14CV00046 |
| ) | |
| CARDIOLOGY CLINIC, INC., ) | |
| Serve: Ajit S. Chauhan, Registered Agent ) | |
| 1045 Main Street, Suite 1 ) | |
| Danville, Virginia 24541-0000 ) | |
| (City of Danville) ) | |
| ) | |
| and ) | |
| ) | |
| HEALTHCARE MANAGEMENT ) | |
| SERVICES, INC., ) | |
| Serve: Corporation Service Company, ) | |
| Registered Agent ) | |
| Bank of America Center, ) | |
| 16th Floor ) | |
| 1111 East Main Street ) | |
| Richmond, Virginia 24219-0000 ) | |
| (City of Richmond) ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Brandi R. Taylor files this complaint against Cardiology Clinic, Inc. and Healthcare Management Services, Inc. (collectively, defendant or the "Cardiology Clinic") and as grounds therefore states as follows:

### STATEMENT OF THE CASE, JURISDICTION AND VENUE

(1) This is a suit for sex discrimination (pregnancy discrimination) authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*

(2) This Court has jurisdiction pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(4).

(3) Cardiology Clinic, Inc. is a corporation doing business in the western district of Virginia and elsewhere.

(4) Healthcare Management Services, Inc. is also a corporation doing business in the western district of Virginia and elsewhere.

(5) Cardiology Clinic, Inc. and Healthcare Management Services, Inc. are closely-related corporate entities and constitute a "joint employer" within the meaning of federal law.

(6) At all times material hereto, the president and sole director of the Cardiology Clinic is and was Ajit S. Chauhan, M.D.

(7) At all times material hereto, the president and sole director of Healthcare Management Services, Inc. was Dr. Chauhan's wife, Suman K. "Dolly" Chauhan.

(8) At all times material hereto, Dr. Chauhan's wife worked as the office manager of the Cardiology Clinic.

(9) Plaintiff at all times material hereto was a resident of the Commonwealth of Virginia and was an "employee" of Cardiology Clinic, Inc. or Healthcare Management Services, Inc., or both of them (plaintiff is not certain of the precise legal name of her employer).

(10) At all times material hereto, defendants Cardiology Clinic, Inc. and Healthcare Management Services, Inc., collectively and individually, are and were "persons" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). At all times material hereto defendants Cardiology Clinic, Inc. and Healthcare Management

2

Services, Inc., collectively and individually, were "employers" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto defendants collectively and individually were persons engaged in an industry affecting commerce which had fifteen (15) or more employees for each working day in each of twenty or more calendar weeks during the years of plaintiff's employment or the preceding calendar year.

(11) The unlawful discrimination practices alleged herein were committed within the Western District of Virginia.

(12) Plaintiff timely filed a verified charge against the Cardiology Clinic, Inc. with the Equal Employment Opportunity Commission on March 20, 2014 (charge no. 438-2014-00597); received a notice of right to sue dated July 18, 2014; and files this action within 90 days of receipt of the notice of right to sue.

(13) Plaintiff timely filed a verified charge against Healthcare Management Services, Inc. with the Equal Employment Opportunity Commission on September 17, 2014 (charge no. 438-2014-01312); received a notice of right to sue dated September 26, 2014; and files this action within 90 days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

(14) In July 2013, plaintiff went to work for the Cardiology Clinic in Danville, Virginia as Dr. Chauhan's assistant.

(15) In early October, 2013, plaintiff learned that she was pregnant.

(16) When plaintiff told Mrs. Chauhan that she was pregnant, Mrs. Chauhan instructed plaintiff to schedule her doctor's appointments on Fridays (the Clinic usually

3

worked a one-half day on Fridays). About a week later, Mrs. Chauhan told plaintiff not to work at all on Fridays.

(17) Mrs. Chauhan also began to make negative comments about plaintiff's pregnancy. For example, Mrs. Chauhan stated that plaintiff was getting too fat and that her scrubs were too tight. The doctor's wife also stated that "we're going to have to talk about [plaintiff's] schedule" (or similar words) because plaintiff had become a liability to the clinic.

(18) Until the time plaintiff told defendant that she was pregnant, plaintiff worked full-time for defendant. After plaintiff told defendant that she was pregnant, defendant began to reduce plaintiff's hours markedly to the point the doctor's wife told plaintiff, "I'll call you when I need you," or words to that effect. After a period of time, the doctor's wife told plaintiff that the company did not need her services at all. During all of this time, the doctor's wife continued to say things like "you're pregnant" and "you're liability to the company," or words to that effect.

(19) Defendant terminated plaintiff's employment on or about January 10, 2014.

## COUNT I: CLAIM FOR SEX DISCRIMINATION (PREGNANCY DISCRIMINATION)

(20) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(21) Defendant, acting through its agents and employees, has engaged in unlawful employment practices in violation of 42 U.S.C. §§2000e *et seq.* by discriminating against plaintiff because of her gender and pregnancy and by terminating her employment because of her gender, pregnancy and/or related medical conditions.

4

(22) As a direct and proximate result of defendant's actions, plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

(23) At all times material hereto, defendant engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of plaintiff so as to support an award of compensatory and punitive damages.

(24) The above-described acts by defendant constitute sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*

WHEREFORE, plaintiff Brandi R. Taylor demands judgment against defendants Cardiology Clinic, Inc. and Healthcare Management Services, Inc., jointly and severally, for injunctive and equitable relief, compensatory and punitive damages, together with pre-judgment interest and for costs and attorney's fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

Trial by jury is demanded.

Respectfully Submitted,

BRANDI R. TAYLOR

By: */s/ Terry N. Grimes*
Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
Brittany M. Haddox, Esquire (VSB No. 86416)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
tgrimes@terryngrimes.com
bhaddox@terryngrimes.com
*Counsel for Plaintiff*

5

Case 4:14-cv-00046-JLK-RSB   Document 1   Filed 10/03/14   Page 5 of 5   Pageid#: 5