IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRANDI R. TAYLOR, | ) |
| Plaintiff, | ) Case No. 4:14-cv-00046 |
| v. | ) **MEMORANDUM OPINION** |
| CARDIOLOGY CLINIC, INC., and | ) By: Hon. Jackson L. Kiser |
| HEALTHCARE MANAGEMENT | ) Senior United States District Judge |
| SERVICES, INC., | ) |
| Defendants. | ) |

Plaintiff Brandi R. Taylor ("Plaintiff") filed suit in this Court against Defendants Cardiology Clinic, Inc., and Healthcare Management Services, Inc. (collectively "Defendants"), on October 3, 2014. (Compl. [ECF No. 1].) After being served with a copy of the Complaint, Defendants filed a Motion to Dismiss on December 17, 2014. (Mot. to Dismiss, Dec. 17, 2014 [ECF No. 5].) The parties briefed the Motion fully and have consented to a decision on the briefs alone and without oral argument. I have reviewed the record, the arguments of counsel, and the relevant law. For the reasons stated herein, I will dismiss Plaintiff's Complaint without prejudice, but will retain jurisdiction over the case.

## I.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

Defendants are corporations that conduct business in the Western District of Virginia and elsewhere. (Compl. ¶¶ 3–4.) The president and sole director of Defendant Cardiology Clinic, Inc., is Dr. Ajit Chauhan; the president and sole director of Defendant Healthcare Management Services, Inc., is Dr. Chauhan's wife, Suman Chauhan. (Id. ¶¶ 6–7.) Plaintiff alleges that Defendants were her joint employers for purposes of this action. (Id. ¶ 5.)

---

[1] The facts are taken from Plaintiff's Complaint. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

- 2 -

In July 2013, Plaintiff began working as Dr. Chauhan's assistant at Cardiology Clinic, Inc. (Id. ¶ 14.) Mrs. Chauhan worked as the officer manager in the office. (Id. ¶ 8.) In early October 2013, Plaintiff discovered that she was pregnant. (Id. ¶ 15.) Plaintiff informed Mrs. Chauhan that she was expecting a child, and Mrs. Chauhan allegedly instructed her to schedule her doctor's appointments on Fridays when the office was usually only opened for half of the day. (Id. ¶ 16.) About a week later, Mrs. Chauhan allegedly told Plaintiff not to work at all on Fridays. (Id.)

During the time after Plaintiff disclosed her pregnancy, Plaintiff alleges Mrs. Chauhan made negative comments about her pregnancy, stating that she was "getting too fat and that her scrubs were too tight." (Id. ¶ 17.) Plaintiff also claims that Mrs. Chauhan stated that Plaintiff was a "liability" to the practice, and that the relevant parties were "going to have to talk about [Plaintiff's] schedule . . . ." (Id.)

Up until the point in time when Plaintiff informed Dr. and Mrs. Chauhan about her pregnancy, Plaintiff worked full-time for Defendants. (Id. ¶ 18.) After Plaintiff informed her employers about her status, Defendants began reducing her hours to the point where she was told she would be called as needed. (Id.) After a period of time, Mrs. Chauhan told Plaintiff that the company did not need her services at all, effectively terminating Plaintiff's employment. (Id.)

Plaintiff filed an initial charge with the Equal Employment Opportunity Committee ("EEOC") against Cardiology Clinic, Inc., on March 20, 2014, and the EEOC issued an early right-to-sue notice on July 18, 2014 (120 days later). (Id. ¶ 12.) Plaintiff filed a separate charge with the EEOC against Healthcare Management Services, Inc., on September 17, 2014, and received an early-right-to-sue letter on September 26, 2014, a mere nine days later. (Id. ¶ 13.) On both right-to-sue notices, the EEOC stated that it was "unlikely" that the agency would

conclude its investigation prior to the 180-day time frame imposed by the applicable statute. On October 3, 2014, Plaintiff filed suit in this Court against Defendants alleging that they discriminated against her on the basis of sex vis-à-vis her pregnancy status, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. (Id. ¶¶ 20–24.) Defendants have moved to dismiss the Complaint on the grounds that, because the EEOC issued the right-to-sue notices before the 180-day statutory time period elapsed, the Court lacks jurisdiction to hear the claim. (See Mot. to Dismiss, Dec. 17, 2014 [ECF No. 5].) Alternatively, Defendants argue that the Complaint fails to state a claim for punitive damages. (Id.)

## II. STANDARD OF REVIEW

When a challenge to subject matter jurisdiction is raised under Rule 12(b)(1), "the burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. "The court must grant the motion 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Little v. Stock Bldg. Supply, LLC, Case No. 4:10-cv-129, 2011 WL 5146179, at *3 (E.D.N.C. Sept. 2, 2011) (quoting Richmond, 945 F.2d at 768).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

Defendants' primary argument to dismiss Plaintiff's Complaint is their contention that, because the EEOC issued its right-to-sue notices prior to the expiration of the 180-day period set forth in 42 U.S.C. § 2000e-5(f)(1), Plaintiff has not exhausted her administrative remedies and this Court lacks jurisdiction to consider Plaintiff's claims.

The applicable statute states, in relevant part:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference . . . whichever is later, the Commission has not filed a civil action under this section . . . , or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .

42 U.S.C. § 2000e-5(f)(1) (2014). Additionally, 42 U.S.C. § 2000e-5(b) states that, "[w]henever a charge is filed by or on behalf of a person claiming to be aggrieved, . . . the Commission shall

serve a notice of the charge . . . on such employer, . . . and shall make an investigation thereof." As a compliment to these provisions, the EEOC has authorized itself to issue right-to-sue notices "at any time prior to the expiration of 180 days from the date of filing of the charge with the Commission . . . ." 29 C.F.R. § 1601.28(a)(2) (2014). By contending that the EEOC lacked the authority to issue the early right-to-sue notices to Plaintiff, Defendants attack the EEOC's authority to make such a rule. Therefore, the issue before me is whether the applicable regulations are within the EEOC's power and authority to promulgate.

It is well-settled that, when a district court is asked to review an agency's regulations, the court is obligated to follow the two-step analysis originally set forth in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Under that framework:

> First, [the court] must determine whether the statute directly addresses the precise issue before [it]. "If the intent of Congress is clear, that ends the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Second, if the statute is silent or ambiguous in expressing Congressional intent, [the court] must determine whether the agency's interpretation is based on a "permissible construction of the statute."

Snowa v. C.I.R., 123 F.3d 190, 195–96 (4th Cir. 1997) (quoting Chevron, 467 U.S. at 842–43). This formula is referred to as the Chevron analysis.

When reviewing an Agency's action under the Chevron analysis, the court must first determine whether the statute directly addresses the relevant question. If the relevant statute addresses the issue, "that ends the matter." Id. Whenever possible, a clear statutory directive will control, regardless of how the agency would like to proceed. In the present case, I join those other courts that have considered the matter and have found Congress' intent in § 2000e-5 is clear—the EEOC has control over charges of discrimination for 180 days, and not a day less. See Stafford v. Sealright, Inc., 100 F. Supp. 2d 137, 139 n.2 (N.D.N.Y. 2000) (collecting cases);

Martini v. Fannie Mae, 178 F.3d 1336, 1347 (D.C. Cir. 1999); Meredith v. Nat'l Business College Corp., Case No. 97-0331, 1997 U.S. Dist. LEXIS 12677, at *7–8 (W.D. Va. July 28, 1997); Nomtoya v. Valencia County, 872 F. Supp. 904, 906 (D.N.M. 1994); New York v. Holiday Inns, Inc., 656 F. Supp. 675, 680 (W.D.N.Y. 1984); Mills v. Jefferson Bank East, 559 F. Supp. 34, 35 (D. Colo. 1983); Spencer v. Banco Real, S.A., 87 F.R.D. 739 (1980); Loney v. Carr-Lowrey Glass Co., 458 F. Supp. 1080, 1081 (D. Md. 1978); Budreck v. Crocker Nat'l Bank, 407 F. Supp. 635, 639 (N.D. Cal. 1976); see also Moteles v. Univ. of Pennsylvania, 730 F.2d 913, 916–18 (3rd Cir. 1984). But see Sims v. Trus Joist MacMillan, 22 F.3d 1059, 1061 (11th Cir. 1994); Brown v. Puget Sound Elec. Apprenticeship & Training Trust, 732 F.2d 726, 729 (9th Cir. 1984); Marston v. AT&T Corp., 210 F.R.D. 573, 576–77 (E.D. Va. 2002) (declining to dismiss a complaint following EEOC's issuance of early right-to-sue notice); West v. Merillat Indus., Inc., 92 F. Supp. 2d 558, 561 (W.D. Va. 2000). I concur with and adopt the reasoning set forth in Martini v. Fannie Mae regarding the interpretation of the statute and relevant legislative history. See Martini, 178 F.3d at 1344–48.

Moreover, and particularly with regard to the charge levied against Healthcare Management Services, Inc., the EEOC has failed to fulfill its statutory responsibility. According to Title VII, the EEOC "*shall* make an investigation" of any charge of discrimination filed with the agency. 42 U.S.C. § 2000e-5(b) (emphasis added). In the present case, the EEOC could not possibly have fulfilled its statutory obligations in the brief nine-day period between when Plaintiff filed her charge and when the EEOC issued her a right-to-sue letter. As Chief Judge McAvoy of the United States District Court for the Northern District of New York stated:

> [T]he issuance of a right-to-sue letter by the EEOC prior to investigating a plaintiff's claims is inconsistent with the clear statutory mandate set forth in section 2000e–5(b). Indeed, the issuance of a right-to-sue letter before the EEOC is permitted to

> investigate a plaintiff's allegation and attempt conciliation would result in an emasculation of the clear statutory language of Title VII and the Congressional policy underlying Title VII, which is aimed at having the EEOC, rather than the courts, resolving disputes involving unlawful employment practices.

Stetz v. Reeher Enterprises, Inc., 70 F. Supp. 2d 119, 123 (N.D.N.Y. 1999). Any ambiguity that may be derived from § 2000e-5(f)(1) is certainly eradicated by the mandatory "shall" language of § 2000e-5(b). Accord Martini, 178 F.3d at 1347–48 (noting that those courts that held that the 180-day waiting period is not a prerequisite to filing suit in federal court did not consider § 2000e-5(b)). When § 2000e-5(f)(1) is read in conjunction with § 2000e-5(b), it is clear that Congress intended for the EEOC to have control over charges of discrimination for 180 days, and that a cause of action based on those charges may not be brought before the expiration of that time. Because Congress' intent is clear, the EEOC is not permitted to alter this framework through its rule-making authority.

This conclusion, however, does not end the matter. As the Supreme Court stated in Zipes v. Trans World Airlines, Inc., "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statue of limitations, is subject to waiver, estoppel, and equitable tolling." 455 U.S. 385, 393 (1982). By asserting this issue in a motion to dismiss, Defendants clearly have not waived this argument. Plaintiff has not presented evidence that convinces me there is any other reason to excuse the EEOC's compliance with the applicable statute. Therefore, although the EEOC's early termination of its investigation does not deprive this Court of jurisdiction, I believe the EEOC has an obligation to attempt to resolve Plaintiff's complaints for the 180 days mandated by statute. For this reason, I will dismiss the Plaintiff's complaint without prejudice, but only

insofar as the charges will be remanded to the EEOC for compliance with the statute. See Meredith, 1997 U.S. Dist. LEXIS 12677, at *8.

### IV. CONCLUSION

The applicable statutes require the EEOC to investigate and foster compromise of charges of discrimination for at least 180 days. As such, the regulations permitting the EEOC to issue right-to-sue notices before the expiration of this time frame run counter to Congress' expressed intent and are invalid. Because the charges which form the basis of Plaintiff's Complaint in this action were released by the EEOC prematurely, I will grant Defendants' Motion to Dismiss and dismiss the Complaint without prejudice. Plaintiff must return to the EEOC for exhaustion of Title VII's mandatory procedures. Credit will be given for the amount of time during which the charge was lodged with the agency initially. Meanwhile, Plaintiff's action will remain on the Court's docket. I will refrain from ruling on Defendants' motion to dismiss the claim for punitive damages until the EEOC has had an opportunity to investigate the claims and attempt conciliation between the parties.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 24th day of February, 2015.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE